**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                    No. 99-4897

JONATHAN MCDONALD,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CR-99-382)

Submitted: May 31, 2000

Decided: June 16, 2000

Before MURNAGHAN, MICHAEL, and TRAXLER,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Douglas A. Steinberg, Alexandria, Virginia, for Appellant. Helen F.
Fahey, United States Attorney, Nicholas R. Koberstein, Special Assis-
tant United States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Jonathan McDonald was convicted on his conditional guilty plea of misdemeanor possession of heroin in violation of 21 U.S.C. § 844 (1994). A United States Park Police officer arrested McDonald in a parking area by the George Washington Memorial Parkway. The officer discovered a small quantity of heroin during a search of McDonald's vehicle. In this appeal, McDonald assigns error to the district court's order affirming the magistrate judge's denial of his motion to suppress the fruits of that search. See Fed. R. Crim. P. 11(a)(2). Finding no error in the district court's order, we affirm.

We review de novo the district court's finding of probable cause to search McDonald's vehicle. See Ornelas v. United States, 517 U.S. 690, 691 (1996); United States v. Wilhelm, 80 F.3d 116, 118 (4th Cir. 1996). After a thorough review of the record, we find that the evidence before the magistrate judge sufficiently demonstrated that the officer had ample evidence "to warrant a prudent[person] in believing that the [defendant] had committed or was committing an offense." Beck v. Ohio, 379 U.S. 89, 91 (1964). Despite the fact that none of pieces of evidence the officer observed leading up to his decision to search the car were in and of themselves illegal, we recognize that there are "circumstances in which wholly lawful conduct might justify the suspicion that criminal activity was afoot." Reid v. Georgia, 448 U.S. 438, 411 (1980) (per curiam). There was no error in the district court's order affirming the magistrate judge's finding of probable cause to search the vehicle. See Pennsylvania v. Labron, 518 U.S. 938, 940 (1996).

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

2